UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
MANUEL DE LA CRUZ MARTE,
on behalf of himself, individually,
and on behalf of all others similarly-situated,            **COMPLAINT**

                        Plaintiff,            **Docket No.: 18-cv-619**

       -against-                                  Jury Trial Demanded

NYC GREEN TRANSPORTATION GROUP, LLC,

                        Defendant.
---------------------------------------------------------------------------X

      Plaintiff, MANUEL DE LA CRUZ MARTE, ("Plaintiff" or "Marte"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against NYC GREEN TRANSPORTATION GROUP, LLC ("NYC Green" or "Defendant"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

      1.    This is a civil action for damages and equitable relief based upon willful violations that the Defendant committed of Plaintiff's rights guaranteed to him by: (i) the Fair Labor Standards Act ("FLSA")'s provisions requiring the prompt payment of overtime wages, 29 U.S.C. §§ 207(a), 216(b); (ii) the FLSA's provision requiring the prompt payment of minimum wages, 29 U.S.C. §§ 206(a), 216(b); (iii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the NYLL's requirement that employers furnish employees with their earned wages not later than their regularly scheduled payday, NYLL §§ 191(1)(d), 191(2); (v) the NYLL's requirement that

1

employers distribute all gratuities passed on from customers purporting to be for their employees, NYLL § 196-d; (vi) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendant - - a for-hire limousine company - - as a driver from on or about July 11, 2017 until December 7, 2017. As described below, throughout the entirety of his employment, Defendant willfully failed to promptly pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, Defendant required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours for many weeks, in exchange for which Defendant agreed to pay Plaintiff on a bi-weekly basis. Yet Defendant willfully failed to promptly compensate Plaintiff at the statutorily required rate of one and one-half times his regular rate of pay for all hours worked in excess of forty per week and/or to promptly compensate him at least at the statutory minimum wage rate or his straight-time rate for all hours worked per week, in violation of the FLSA's overtime and minimum wage provisions requiring the prompt payment of all wages owed, and the NYLL's requirement to pay all wages owed by no later than each regularly scheduled payday in accordance with agreed upon terms and conditions of employment. Instead, Defendant paid Plaintiff his wages - - minimum, regular, and overtime - - only once every three to four weeks, or sometimes even longer. Defendant therefore failed to promptly pay Plaintiff all of his earned wages by no later than his regularly scheduled payday, violating the FLSA with respect to his overtime and minimum wages, and the NYLL with respect to all wages owed. And when Defendant *did* pay Plaintiff, Defendant often willfully failed to pay Plaintiff all of his owed overtime compensation in violation of the FLSA, NYLL, and NYCCRR.

3. Defendant further violated the NYLL by unlawfully retaining all gratuities and service charges purporting to be gratuities intended for Plaintiff and by failing to provide Plaintiff with accurate wage statements on each payday.

4. Defendant paid and treated all of its drivers in this same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendant's willful violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, that opts in to this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendant's violations of the NYLL and NYCCRR.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

## PARTIES

9. Plaintiff worked for Defendant in New York, and surrounding areas in New Jersey and Connecticut, and was an "employee" entitled to protection as defined by the FLSA and the NYLL.

10. Defendant NYC Green was and is a New York Limited Liability Company with its principal place of business located at 34-24 Northern Boulevard, Long Island City, New York 10007.

11. Defendant was and is an "employer" within the meaning of the FLSA and the NYLL. Additionally, Defendant's qualifying annual business exceeded and exceeds $500,000.00, and Defendant was and is engaged in interstate commerce within the meaning of the FLSA as it operates a limousine company providing ground transportation services by transporting passengers across state lines, including between New York, New Jersey, and Connecticut, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise. Furthermore, Defendant's employees, including Plaintiff and FLSA Plaintiffs, were and are required to drive passengers across state lines as part of their routine work for Defendant. This independently subjects Defendant to the minimum wage and overtime requirements of the FLSA with respect to Plaintiff and FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendant unpaid and/or untimely paid minimum wages and overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees who, during the applicable FLSA limitations period, performed any work for Defendant as drivers and

>who consent to file a claim to recover damages for unpaid and/or untimely paid minimum wages and overtime compensation, as well as liquidated damages that are legally due to them ("FLSA Plaintiffs").

13. Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; (5) were not paid or were not promptly paid the required one and one-half times their respective regular rates of pay for all hours that they worked per workweek in excess of forty; and/or (6) were not promptly paid at least the statutory minimum wage rate for all hours worked each week.

14. At all relevant times, Defendant is and has been aware of the requirements to pay and to promptly pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, and of the requirement to promptly pay Plaintiff and all FLSA Plaintiffs at least the statutorily-required minimum wage rate for all hours worked each week, with "promptly" defined as not later than the regularly scheduled payday, yet Defendant purposefully and willfully chose and chooses not to do so.

15. Thus, all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay or to promptly pay their employees overtime compensation for all hours worked per workweek above forty, and/or at the statutorily-set minimum wage for all hours worked each week, in violation of the FLSA.

## **RULE 23 CLASS ALLEGATIONS**

16. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on his own behalf, as well as on behalf of those who are similarly situated

5

who, during the applicable limitations period, were subjected to violations of the NYLL and NYCCRR.

17. Under FRCP 23(b)(3), Plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

18. Plaintiff seeks certification of the following FRCP 23 class:

   Current and former drivers who performed any work for Defendant during the previous six years within the State of New York ("Rule 23 Plaintiffs").

### Numerosity

19. During the previous six years the Defendant has, in total, employed at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

20. There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that the Defendant required and requires each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether the Defendant failed to pay and fails to pay Rule 23 Plaintiffs any of their earned wages by on or before their regularly scheduled payday as required by NYLL §§ 191 and 160, and the NYCCRR, and/or when Defendant did and does pay Rule 23 Plaintiffs, whether Defendant pays

Rule 23 Plaintiff overtime wages for all overtime hours worked; (4) whether the Defendant failed and fails to distribute all gratuities, or charges passed on from customers purporting to be gratuities, to each Rule 23 Plaintiff, as required by NYLL § 196-d; (5) whether the Defendant failed and fails to furnish Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3) (6) whether the Defendant has any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (7) whether the Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and NYCCRR; and (8) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

21.    As described in the "Background Facts" section below, the Defendant employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL and NYCCRR. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for the Defendant in New York, and the Defendant did not pay them all earned wages on or before their regularly scheduled payday, did not pay them all overtime due for all overtime hours worked on those occasions when Defendant did pay them, did not distribute all gratuities (or charges purporting to be gratuities) passed on from customers, nor did Defendant furnish them with proper wage statements when the law required. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL and NYCCRR to be paid all earned wages not later than their regularly scheduled payday and all earned overtime wages when paid, to receive all gratuities purportedly given to them by customers, and to be furnished with accurate wage statements on each payday. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of the Defendant's failure to comply with the NYLL and NYCCRR. Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of prompt compensation

or under-compensation due to the Defendant's common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendant's defenses to those claims.

<u>Adequacy</u>

22. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with the Defendant. Defendant regularly failed to pay Plaintiff all earned wages on or before his regularly scheduled payday and all overtime and other wages owed when Defendant did pay Plaintiff, did not distribute to Plaintiff all gratuities passed on from customers for his services, and did not furnish Plaintiff with accurate wage statements on each payday, which is substantially similar to how the Defendant paid and treated the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters pertaining to him raised in this Complaint and that will be raised in the Defendant's Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendant has subjected to the treatment alleged herein.

<u>Superiority</u>

23. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, the Defendant treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

24. Any lawsuit brought by any driver of the Defendant would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

25. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

26. Additionally, Plaintiff's counsel has substantial experience in this field of law.

## BACKGROUND FACTS

27. Defendant NYC Green is a chauffeured limousine service that provides drivers and vehicles on a per-ride basis to other transportation/limousine companies, including but not limited to "La Puma," "Blacklane," "Elite," "NuRide," "GoGreenRide," "Carmel," "BLS," "SLS," and "Avalon," (all, together, as "Third Party Entities").

28. NYC Green contracts with these and other Third Party Entities to perform various jobs for those Third Party Entities by providing NYC Green's employees, including Plaintiff, and NYC Green's vehicles, to drive passengers on behalf of the Third Party Entities.

29. Passengers pay the Third Party Entities directly for the trips that NYC Green's employees drive.

30. The Third Party Entities then pay NYC Green for NYC Green's employees' time and services, including by forwarding to NYC Green any gratuities that customers paid to any of the Third Party Entities that were meant for NYC Green's drivers.

31. NYC Green, in turn, is supposed to pay its employees - - including Plaintiff - - for their work, and to distribute all gratuities meant for them as received from the Third Party Entities.

32. Defendant employed Plaintiff as a driver from on or about July 11, 2017 until December 7, 2017. To that end: Defendant paid and issued all of Plaintiff's paychecks; Plaintiff raised employment-related issues with Defendant's Human Resources Department at, and Defendant dispatched all of Plaintiff's jobs from, Defendant's Long Island City office; Defendant issued work policies and directives to Plaintiff, such as a memorandum from Operations Manager Mark Girgis instructing, *inter alia*, that for all drivers, "it's an absolute must to accept [sic] the jobs as soon as you receive them"; and Defendant issued all of Plaintiff's work assignments.

9

33. Plaintiff's primary duties, as his title suggests, consisted of driving, in Defendant's vehicles, the Third Party Entities' passengers to different locations throughout New York, and surrounding states such as New Jersey and Connecticut, based on daily work assignments that Defendant gave Plaintiff.

34. Defendant regularly required Plaintiff to work, and Plaintiff did in fact work, five or six days per week, Sunday through Thursday, and sometimes on Friday or Saturday. While Plaintiff's hours varied from week to week, he typically worked at least seven and as many as fourteen hours per day, with an average workweek of forty-nine hours per week.

35. Throughout his employment, Defendant purportedly paid Plaintiff a straight-time rate of $15.00 per hour, and an overtime rate of $22.50 per hour for all hours worked in excess of forty per week.

36. However, though Defendant had a policy to pay Plaintiff on a bi-weekly basis, with paydays scheduled on every other Thursday, Defendant consistently failed to pay Plaintiff for all or any of his hours worked on a bi-weekly basis, and instead paid him only once every three or four weeks, or sometimes even less frequently. Moreover, when Defendant did get around to paying Plaintiff, Defendant failed to pay Plaintiff for all of his hours worked.

37. Thus, throughout the entirety of Plaintiff's employment, Defendant failed to promptly pay Plaintiff at the statutorily-mandated overtime rate of one and one-half times his regular rate of pay for all hours worked in excess of forty, and/or at least at the statutory minimum wage rate or his regular rate for all hours worked in a week, on or by his regularly scheduled pay day.

38. By way of example only, during the week of August 14 through August 20, 2017, Defendant required Plaintiff to work, and Plaintiff did in fact work, five days for an average of

10

8.87 hours per day, without a scheduled or uninterrupted break, for a total of 44.37 hours that week.  During the following week of August 21 through August 27, 2017, Defendant required Plaintiff to work, and Plaintiff did in fact work, five days for an average of 9.39 hours per day, without a scheduled or uninterrupted break, for a total of 46.98 hours that week.  Thus during these two weeks, Plaintiff worked a total of 91.35 hours.

39. In exchange, Defendant paid Plaintiff his straight-time rate of $15.00 per hour for all hours worked up to forty for both weeks, but only paid Plaintiff his overtime rate of $22.50 per hour for 5.58 hours worked in excess of forty those two weeks combined, for a total of $1,325.55.  Defendants paid Plaintiff nothing for the additional 5.77 hours of overtime he worked during these two weeks.

40. And although Plaintiff's scheduled payday for these weeks was August 31, 2017, Defendant failed to pay Plaintiff any of his wages for it until September 7, 2017.

41. Making matters worse, Defendant charged and charges the Third Party Entities a "service charge" for every trip taken in Defendant's vehicles, and passengers that Plaintiff drove in Defendant's vehicles would often pay a gratuity in addition to their trip fares.

42. Despite receiving these service charges and gratuities from the Third Party Entities for many, if not all, of the trips Plaintiff drove on behalf of Defendant, Defendant failed to pay any service charges and/or gratuities to Plaintiff on many occasions, and instead retained all service charges and/or all or nearly all gratuities for Defendant's own benefit.

43. By way of example only, on November 16, 2017, Plaintiff completed a trip with the reservation number 7111633140 for a passenger from whom Defendant collected a $2.00 service charge and a $3.76 gratuity, in addition to the base fare charged by Defendant and the applicable Third Party Entity.  Yet despite collecting this service charge and gratuity for Plaintiff's

work, Defendant never paid Plaintiff either amount in his check for that pay period or at any other time.

44. Additionally, on each occasion up until October 10, 2017, when Defendant paid Plaintiff, whenever that was, Defendant failed to provide Plaintiff with accurate wage statements that listed, *inter alia*, Plaintiff's actual hours worked for that workweek, and/or any gratuities paid to Plaintiff.

45. Worse, from October 11, 2017 until the end of Plaintiff's employment on December 7, 2017, Defendant failed to provide Plaintiff with *any* wage statements whatsoever on any occasion when Defendant paid Plaintiff his wages.

46. Defendant treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

47. Defendant acted in this manner to maximize its profits and minimize its labor costs and overhead.

48. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendant's benefit.

## **FIRST CLAIM FOR RELIEF AGAINST DEFENDANT**
*Failure to Pay Overtime Promptly under the FLSA*

49. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50. 29 U.S.C. §§ 207(a) and 216(b) require employers to promptly compensate their employees at a rate not less than one and one-half times their respective regular rates of pay for all hours worked exceeding forty in a workweek, meaning by on or before each regularly scheduled payday.

51. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

52. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendant failed to promptly compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's provisions requiring the prompt payment of all overtime wages, or to pay Plaintiff at his overtime rate for all overtime hours worked.

53. Defendant willfully violated the FLSA.

54. Plaintiff and FLSA Plaintiffs are entitled to any unpaid overtime compensation, liquidated damages associated with any missed or late payment, and attorneys' fees for Defendant's willful violations of the FLSA's provisions requiring the prompt payment of all overtime wages.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Pay Minimum Wages Promptly under the FLSA*

55. Plaintiff and FLSA Plaintiffs repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56. 29 U.S.C. §§ 206(a) and 216(b) prescribe a minimum wage that employers must promptly pay to their employees for each hour worked, meaning by on or before each regularly scheduled payday.

57. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

58. As also described above, Defendant did not promptly compensate Plaintiff and FLSA Plaintiffs at the minimum hourly rate required by the FLSA for all hours worked in a week.

59. Defendant willfully violated the FLSA.

60. Plaintiff and FLSA Plaintiffs are entitled to any unpaid minimum wages, liquidated damages associated with any missed or late payment, and attorneys' fees for Defendant's willful violations of the FLSA's provisions requiring the prompt payment of all minimum wages.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime under the NYLL and the NYCCRR*

61. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

63. As described above, Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-into this action, are employees within the meaning of the NYLL and the NYCCRR.

64. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-into this action, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

65. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rate of pay.

66. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCCRR's overtime provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Pay All Wages on a Timely Basis in Violation of the NYLL*

67. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

68. NYLL §§ 191(1)(d), 191(2) require that employers pay employees their wages in accordance with the agreed terms of employment on regular pay days designated in advance by the employer.

69. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are employees within the meaning of the NYLL.

70. As also described above, Defendant failed to pay Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, all wages earned by each regularly scheduled payday as the NYLL requires.

71. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are entitled to any unpaid wages, liquidated damages associated with any missed or late payment, interest, and attorneys' fees for Defendant's violations of the NYLL's requirement to pay all wages on a timely basis in accordance with agreed upon terms of employment.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Improper Retention of Gratuities in Violation of the NYLL*

72. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

73.     NYLL § 196-d prohibits employers from retaining, directly or indirectly, any part of an employee's gratuity or any charges purporting to be a gratuity.

74.     As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are employees within the meaning of the NYLL.

75.     As also described above, Defendant unlawfully retained gratuities and/or charges purporting to be gratuities due to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action.

76.     Pursuant to NYLL § 196-d, Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, for any and all unlawfully withheld gratuities.

77.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's provisions prohibiting the retention of gratuities.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

78.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

79.     NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

80.     As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are employees within the meaning of the NYLL.

81. As also described above, Defendant failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, with wage statements on each payday that accurately contained all of the criteria required under the NYLL.

82. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, in the amount of $100.00 for each workweek that the violation occurred, up to a statutory cap of $2,500.00.

83. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, in the amount of $250.00 for each workday that the violations initially occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

84. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendant from any retaliation against Plaintiff, FLSA Plaintiffs, or Rule 23 Plaintiffs for participation in any form in this litigation;

    d.    Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

    e.    Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

    f.    All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendant's unlawful payment practices;

    g.    All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendant's failure to promptly pay wages, including but not limited to general and special damages associated with any late payment, and any other out-of-pocket losses that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have incurred or will incur;

    h.    Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

    i.    Designation of Plaintiff and his counsel as class/collective action representatives under the FRCP and the FLSA;

    j.    Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

    k.    Pre-judgment and post-judgment interest, as provided by law; and

  l.  Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
    January 29, 2018

                Respectfully submitted,

                BORRELLI & ASSOCIATES, P.L.L.C.
                *Attorneys for Plaintiff*
                655 Third Avenue, Suite 1821
                New York, New York 10017
                Tel. (212) 679-5000
                Fax. (212) 679-5005

     By: _____
                MICHAEL R. MINKOFF (MM 4787)
                ALEXANDER T. COLEMAN (AC 8151)
                MICHAEL J. BORRELLI (MB 8533)