UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MANUEL DE LA CRUZ MARTE, on behalf
of himself, individually, and on behalf of all
others similarly situated,

                        Plaintiff,

              -against-                    **MEMORANDUM AND ORDER**
                                                      18 CV 619 (CLP)

NYC GREEN TRANSPORTATION GROUP,
LLC,

                        Defendant.
------------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

On January 29, 2018, plaintiff Manuel De La Cruz Marte commenced this action individually and on behalf of other similarly situated employees against defendant NYC Green Transportation Group, LLC ("NYC Green" or "Defendant"). Four additional plaintiffs filed their consent-to-join forms that same day, and one additional opt-in plaintiff filed his consent-to-join form on February 9, 2018.[1] Plaintiffs allege violations of the Fair Labor Standards Act's ("FLSA") provisions requiring prompt payment of overtime and minimum wages, 29 U.S.C. § 206 et seq., and violations of the overtime, prompt payment, gratuity and wage statement provisions of New York Labor Law ("NYLL") § 160 et seq. (Compl.[2] ¶ 1).

The parties reached a settlement of this matter, the terms of which are set forth in a Settlement Agreement, filed with the Court. (See Sett. Agr.[3]). On October 1, 2018, plaintiff filed a letter motion requesting that the Court approve the Settlement Agreement as fair and

---

[1] In total, in addition to the named plaintiff, five opt-in plaintiffs joined the lawsuit: Babacar Ciss, Amadou Dieng, Adrian Fernandez, John Altidor, and Anthony Felpo (collectively, "plaintiffs"). (Pl.'s Ltr. at 3.)

[2] Citations to "Compl." refer to plaintiffs' Complaint, filed January 29, 2018, ECF No. 1.

[3] Citations to "Sett. Agr." refer to the Settlement Agreement, filed October 1, 2018, ECF No. 27-1.

reasonable under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 207 (2d Cir. 2015). On October 30, 2018, the Court held a fairness hearing on the parties' motion. For the reasons set forth in this Order, the Court approves the parties' settlement as fair and reasonable.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff De La Cruz Marte alleges that he was employed as a driver for defendant's for-hire limousine company from on or about July 11, 2017 until December 7, 2017. (Compl. ¶ 2). Plaintiff claims that during his period of employment defendant failed to promptly compensate him for all hours worked per week. (Id.) He also claims that he regularly worked more than 40 hours per week and that defendant failed to consistently pay him one and one-half times his regular rate of pay for all hours worked over 40 per week, and that when overtime was paid, it was not paid promptly. (Id.) The opt-in plaintiffs raise the same overtime and late payment claims. (See Pls.' Ltr.[4] at 2).

The parties propose to settle the case for a total of $75,000. (Id. at 3). Of that amount, plaintiff De La Cruz Marte is to receive $6,607.35, plaintiff Ciss is to receive $11,639.31, plaintiff Dieng is to receive $16,618.23, plaintiff Fernandez is to receive $6,363.50, plaintiff Altidor is to receive $21,908.63, and plaintiff Felpo is to receive $5,477.08. (Id.) The total settlement amount will be paid in seven installments beginning seven days following this Court's approval of the settlement. (Id. at 4).

For the reasons set forth below, the Court approves the Settlement Agreement as fair and reasonable.

---

[4] Citations to "Pls.' Ltr." refer to plaintiffs' Letter Motion for Settlement Approval, dated October 1, 2018, ECF No. 27.

## DISCUSSION

I.  Legal Standards

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation"). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

II.  Settlement Amount

The parties propose a total settlement amount of $75,000, for which each plaintiff will receive his *pro rata* share.[5] (Pls.' Ltr. at 2, 6). In reaching this settlement, plaintiffs wish to avoid the risks of litigation, and acknowledge that there were a number of contested factual issues, including the number of weeks for which late paychecks were issued and whether defendant's late payments were unintentional which, depending on how they were resolved, could adversely affect their ability to recover. (Id. at 4). Moreover, defendant is also facing a separate class action lawsuit with more than ninety plaintiffs. (Id. at 5). Plaintiffs contend that even if they were to receive a larger amount at trial, "any recovery in [the class action] matter will assuredly limit" the ability of defendant to compensate plaintiffs in this action. (Id.)

Of the $75,000, plaintiffs' counsel is to receive $25,385.91. (Id. at 8). Of this amount, $578.86 represents costs; the remaining $24,807.05 is allocated to attorneys' fees and represents one third of the total recovery. (Id.) The requested fees represent "a 0.92 lodestar reduction" of plaintiffs' lodestar of $27,030. (Id. at 9-10). During the fairness hearing, plaintiff's counsel represented that any additional costs associated with administration of the Settlement Agreement will be deducted from the amount of attorneys' fees and not from plaintiffs' recovery.

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court finds that the settlement reached is a fair and reasonable compromise of plaintiffs' claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations among experienced

---

[5] During the fairness hearing, plaintiff's counsel explained the process of calculating the amount each plaintiff is to receive under the Settlement Agreement. He represented that counsel determined the amount each plaintiff would be owed if plaintiffs were to prevail on all claims at trial, added those amounts together to determine plaintiffs' "best case scenario" and then noted what percentage of that recovery each plaintiff would be owed. Each plaintiff has gotten the same *pro rata* share as that calculation under the Settlement Agreement.

counsel sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement agreements).

Having considered the various issues in dispute, and being familiar with the case, the Court finds that the settlement amount is fair and reasonable and that the attorneys' fees are also reasonable based on the contingency fee percentage supported by case law in this district.

The parties shall file a stipulation of dismissal with prejudice by December 1, 2018.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated:   Brooklyn, New York
         November 1, 2018

/s/ Cheryl L. Pollak
_____
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York